## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| CLEON FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-02812-JPM-tmp |
| | ) | |
| SHELBY COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SANCTIONS

Before the Court is the Report and Recommendation of Chief United States Magistrate Judge Tu M. Pham filed on September 28, 2021 (ECF No. 38) with respect to Defendant Shelby County Board of Education's ("SCBE") Motion for Sanctions against Plaintiff Cleon Franklin ("Franklin") (ECF No. 29). The Magistrate Judge recommends that the Court deny Defendant's Motion. (ECF No. 38 at PageID 234.) SCBE filed a timely objection to the Magistrate Judge's Report on October 11, 2021. (ECF No. 45.)

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge insofar as it finds that sanctions against Plaintiff under Rule 37(b), (e)(1) and (e)(2) are unwarranted. Accordingly, SCBE's Motion for Sanctions is DENIED.

## I.    BACKGROUND

This Motion is before the Court in Franklin's Title VII action against his former employer SCBE for unlawful gender and race discrimination and retaliation, arising from SCBE's July 2018 alleged termination of Plaintiff. (Complaint, ECF No. 1 ¶¶ 32, 37–39.) Franklin initially filed his

charges with the EEOC in December 2018 (ECF No. 29-1) and obtained a right to sue letter from the EEOC in August 2020 (ECF No. 1-1).  Franklin commenced this action on November 10, 2020.  (See Complaint, ECF No. 1.)

Defendant propounded its First Set of Interrogatories and Requests for Documents on or about December 14, 2020.  (ECF No. 26 at PageID 129.) (citing ECF No. 23 at PageID 86.) Defendant's initial interrogatories asked Plaintiff whether he "ha[d] ever recorded a management official of SCBE, and if so," to list various particulars of each recording, including its present location.  (ECF No. 23-1 at PageID 105, Interrogatory No. 13.)  Additionally, in its initial requests for production of documents, Defendant requested that Plaintiff "[p]roduce all . . . recordings . . . reflecting or discussing in any manner events that are related to the claims and defenses of this lawsuit."  (Id. at PageID 108, Request No. 9.)  In response to Interrogatory No. 13 and Request No. 9, Plaintiff produced two audio recordings on January 13, 2021.  (ECF No. 23 at PageID 85.) One recording was of a meeting between Franklin and SCBE Employee Relations employees Chantay Branch and Michael Woods, while the other was of a meeting between Plaintiff and a subordinate.  (Id. at PageID 86.)

As discovery proceeded in the instant case, Plaintiff was deposed in a separate lawsuit that Plaintiff's wife brought against SCBE.  (ECF No. 23-2.)  In the March 10, 2021 deposition, Plaintiff stated that, once he "realized what was going on," he started "recording everybody every day" that he went to work.  (Id. at PageID 113.)  He continued, "And what I am waiting on is the opportunity to have these people perjure themselves."  (Id. at PageID 113–14.)  Defense counsel emailed Plaintiff's counsel later that day requesting any other relevant recordings in Plaintiff's possession, contending that Plaintiff's testimony indicated he had more recordings than the two he had produced in response to Defendant's interrogatories.  (ECF No. 23-3 at PageID 115.)  Plaintiff

agreed to provide Defendant with any recordings in his possession; however, Plaintiff produced no additional recordings.  (ECF No. 25 at PageID 124; ECF No. 23-5.)

On April 29, 2021, Plaintiff was deposed in the instant case.  (ECF No. 23-4.)  The following exchange occurred:

> Q: Since January of 2017, have you recorded any conversations that you've had with any Shelby County Schools employees?
> A: Yes.
> Q: And how many conversations have you recorded?
> A: I do not know.
> Q: Who have you recorded conversations with?
> A: I do not know.
> Q: Do you still have those recordings?
> A: I do.  And some of them, we are in the process – some of them got recorded over.  We are in the process of having those extracted from my phone.

(Id. at PageID 117–18.)  Plaintiff then testified that he "recorded every conversation that [he] had with Chantay Branch," that he had recorded conversations with SCBE employees Debra Wallace and Michael Woods, and that he "believe[d]" he had recorded conversations with SCBE employees Dr. Patricia Toarmina, Dorsey Hopson, Dr. Joris Ray, and Leon Pattman.  (Id. at PageID 119–20.)  He additionally stated that he was "not sure" whether he had recorded any conversations with SCBE employees Dr. Terrence Brown, Ms. Gennerette, Katrina Creswell, Scott Holdcomb, Lisa White, Antonio Burt, or Dr. Sharon Griffin and that he had not recorded any conversations with SCBE employees Renea Brown and Dr. John Norris.  (Id.)  On May 7, 2021, Defense counsel emailed Plaintiff's counsel once again requesting the relevant recordings that "Plaintiff has said he has in his possession."  (ECF No. 23-5.)

When Plaintiff's counsel did not respond, SCBE filed a Motion to Compel Discovery on May 19, 2021.  (ECF No. 23.)  This Court referred the Motion to the Magistrate Judge on May 24, 2021.  (ECF No. 24.)  Plaintiff filed his response to the Motion on May 25, 2021.  (ECF No. 25.)  Plaintiff stated that "[u]pon diligent search, Plaintiff learned that the relevant phone conversations

were corrupted and were no longer available to Plaintiff." (Id. at PageID 124.)  Plaintiff further

stated that he had "retained a recovery service" to try to recover the recordings (id.), and an

attached email from WeRecoverData.com, sent to Plaintiff on May 24, 2021, states that recovery

would begin "ASAP" (ECF No. 25-1).  Plaintiff requested the Court allow him ten days to produce

any relevant "recovered" conversations to Defendant.  (ECF No. 25 at PageID 125.)

On May 25, 2021, the Magistrate Judge entered an Order Granting Defendant's Motion to

Compel and Denying Defendant's Request for Attorney's Fees.  (ECF No. 26.)  The Magistrate

Judge gave Franklin ten days "to produce the requested audio recordings and fully respond to

Interrogatory No. 13 and request No. 9." (Id. at PageID 134–35.)  Defendant states that on June

7, 2021, Plaintiff's counsel advised Defense counsel "that a data recovery company had been

unable to recover the recordings from Plaintiff's cellular telephone." (ECF No. 29 at PageID 139.)

A June 18, 2021 email from WeRecoverData.com that Plaintiff forwarded to his counsel states,

"We regret to inform you that after many attempts to recover your data, we have determined that

a recovery will not be possible." (ECF No. 31-1 at PageID 203.)  Additionally, Plaintiff's counsel

filed Supplemental Responses to Defendant Shelby County Board of Education's First Set of

Interrogatories and Requests for Documents.  (ECF No. 29-4.)  Plaintiff made the following

Amended Response to Interrogatory No. 13:

> To date, "We Recover Data" has been unsuccessful in recovering the phone audio
> recordings that were lost. At the time of Plaintiff's testimony[,] he believed that all
> recordings were available [on] his phone. When he started to gather the recordings at the
> request of Defendant, Plaintiff discovered that any relevant audio had been recorded over
> inadvertently.
>
> The Plaintiff recorded conversations with Chantay Branch and Michael Woods before and
> after his termination. The substance of the recorded conversation with Chantay Branch
> includes Branch stating to Plaintiff that she was told to investigate Plaintiff by Drs. Brown
> and Ray. The Plaintiff told Branch that he and his wife, Anasa Franklin were suing the
> district. Branch responded that she was instructed by Dr. Brown and Ray to begin an
> investigation into Memphis Virtual School. This instruction came immediately after

4

Plaintiff told Dr. Brown that Plaintiff was suing the district. Branch told Plaintiff that he needed to talk to general counsel, not her. The Plaintiff began his recordings of Defendant on August 2, 2018 (post termination) and, to date, they remain lost to him. (See attached). Plaintiff has turned over all recordings in his possession to Defendant which are reasonably available to him; if additional recordings are subsequently recovered[,] this Interrogatory will be supplemented in accordance with the FRCP.

(Id. at PageID 181, Interrogatory No. 13.)  Plaintiff also supplemented his response to Request No. 9: "The Plaintiff does not have any recordings relevant to this lawsuit that he has not heretofore provided to Defendant.  (Id. at PageID 184, Request No. 9.)

Defendant filed the instant Motion for Sanctions on June 24, 2021 (ECF No. 29). Defendant contends that "Plaintiff should be sanctioned for failure to comply with this Court's order granting SCBE's Motion to Compel. . . . [and for] spoliation of important evidence regarding his claims against SCBE." (Id. at PageID 140.)  Plaintiff filed his Responses to Defendant Shelby County Board of Education's Motion for Sanctions on July 8, 2021.  (ECF No. 31.)  Defendant filed a Reply on August 6, 2021.  (ECF No. 36.)  On August 18, 2021, this Court referred Defendant's Motion for Sanctions to the Magistrate Judge for report and recommendation.  (ECF No. 37.)  The Magistrate Judge filed a Report and Recommendation on September 28, 2021, which recommended that Defendant's Motion be denied.  (ECF No. 38.)  On October 11, 2021, Defendant filed its Objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion for Sanctions.  (ECF No. 45.)

## II.   LEGAL STANDARD

### A.  Standard of Review

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. ANALYSIS

The Court reviews de novo the portions of the Report and Recommendation to which Defendant objects. The Court reviews the remainder of the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3).

Defendant makes four objections to the Report and Recommendation: (1) The Magistrate Judge "improperly found Federal Rule of Civil Procedure 37(b) inapplicable to this case"; (2) the Magistrate Judge "erred when it declined to find spoliation under Rule 37(e)(1)"; (3) the Magistrate Judge erred in using the "clear and convincing evidence" standard with respect to the intent required under Rule 37(e)(2); and (4) the Magistrate Judge erred in finding Defendant's evidence of intentional deprivation insufficient to warrant sanctions under Rule 37(e)(2). (ECF No. 45 at PageID 532–33.)

A. *Applicability of Rule 37(b)*

Defendant contends that the Magistrate Judge "improperly found Federal Rule of Civil Procedure 37(b) inapplicable to this case because although Plaintiff can no longer comply with the Court's order granting SCBE's Motion to Compel, this alone does not force the conclusion that no sanctions are available." (ECF No. 45 at PageID 532.) In its Motion for Sanctions, Defendant argues that Rule 37(b)(2)(A) applies here because "[i]t is undisputed that Plaintiff has failed to comply with the Court's order to 'produce the requested audio recordings and fully respond to Interrogatory No. 13 and Request No. 9.'" (ECF No. 29 at PageID 140.) (quoting ECF No. 26 at PageID 134–35.) Plaintiff responds that neither he nor his Counsel "willfully disobey[ed] an Order of the Court which ordered him to submit additional recordings to Defendant." (ECF No. 31 at PageID 197–98.) He contends that he turned over to Defendant every recording he had when he responded to Defendant's initial discovery requests and that, "[a]fter exhaustion of all avenues to recover the lost data," Plaintiff's counsel "supplemented her previous discovery responses to specify Plaintiff's inability to recover the data." (Id.) Plaintiff asserts, "The recordings were simply unrecoverable, despite Herculean efforts by Plaintiff to recover them." (Id. at PageID 198.) In its Reply, Defendant contends that "Plaintiff cannot reasonably dispute that he has failed to comply with this Court's order to produce the requested audio recordings within ten days of the entry of the order" and that Plaintiff "seeks to read a willfulness component into Fed. R. Civ. P. 37(b)(2)(A) where none exists" except for the sanction of dismissal. (ECF No. 36 at PageID 219.) (citations omitted.)

Rule 37(b) provides for sanctions for "failure to comply with a court order." Fed. R. Civ. P. 37(b). Meanwhile, Rule 37(e) "addresses the failure to preserve electronically stored information ('ESI') and potential sanctions for spoliation." Lee v. Horton, No. 17-cv-2766-JPM-

tmp, 2018 WL 4945242, at *2 (W.D. Tenn. Sept. 4, 2018) (Pham, Mag. J.), adopted, 2018 WL 4600303 (W.D. Tenn. Sept. 25, 2018) (citation omitted).  In cases from various jurisdictions, courts have imposed, or at least analyzed, sanctions regarding the same lost ESI under both Rule 37(b) and 37(e).  See, e.g., Faulkner v. Aero Fulfillment Servs., No. 1:19-cv-268, 2020 WL 3048177, at *3–5 (S.D. Ohio Jun. 8, 2020) (analyzing whether (1) plaintiff's production of her LinkedIn data in spreadsheet form complied with the court's order to produce her "social media information" under 37(b) and (2) plaintiff violated her duty of preservation under 37(e) when she deleted her LinkedIn account itself); Paisley Park Enters., Inc. v. Boxill, 330 F.R.D. 226, 236 (D. Minn. 2019) (ordering monetary sanctions under both Rules 37(b) and 37(e) for failure to preserve text messages in violation of pretrial scheduling order); Karsch v. Blink Health Ltd., No. 17-CV-3880 (VM) (BCM), 2019 WL 2708125, at *26 (S.D.N.Y. June 20, 2019) ("An award of defendants' expenses, including attorneys' fees, is clearly warranted under Rules 37(b)(2)(C) and 37(e)(1).") (finding that if the plaintiff had complied with the court's order through truthful disclosure that plaintiff had received the (then-lost) device containing the ESI months before, the ESI could potentially have been produced or, if it were disclosed to have already been lost, "months of legal work" could have been saved for the opposition); Yoe v. Crescent Sock Co., No. 1:15-cv-3-SKL, 2017 WL 5479932, at *8, 14–15 (E.D. Tenn. Nov. 14, 2017) (considering with respect to spoliation of ESI both monetary sanctions under Rule 37(b) and sanctions under Rule 37(e)) ("Sanction authority for the loss of ESI may also derive from other sections of Rule 37 [besides (e)] . . . ."). Thus, the Court finds that Rule 37(b) is not necessarily inapplicable in this instance simply because Rule 37(e) addresses the loss of the recordings (as discussed below).  The Court, therefore, will now discuss whether sanctions under Rule 37(b) are appropriate in this case.

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the

action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).  Potential sanctions

for disobeying a court's discovery order include, *inter alia*:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [or]
> . . .
> (v) dismissing the action or proceeding in whole or in part[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii), (v).  Rule 37(b)(2)(C) additionally provides that where a party

fails to comply with a court order,

> [i]nstead of or in addition to the [sanctions provided for in Rule 37(b)(2)(A)], the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

"In the Sixth Circuit, a court generally need not make a finding of bad faith before

sanctioning a party under Rule 37[(b)]." <u>Fausz v. NPAS, Inc.</u>, No. 3:15-cv-00145-CRS-DW, 2017

WL 1227943, at *3 (W.D. Ky. Mar. 31, 2017) (citing <u>Youn v. Track, Inc.</u>, 324 F.3d 409, 421 (6th

Cir. 2003)).  When determining whether <u>dismissal</u> was warranted for failure to comply with a court

order, however, reviewing courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

<u>Mager v. Wis. Cent. Ltd.</u>, 924 F.3d 831, 837 (6th Cir. 2019) (quoting <u>United States v. Reyes</u>, 307

F.3d 451, 458 (6th Cir. 2002) (further citation omitted)).  Conduct meeting the first prong "must

display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the

party's] conduct on those proceedings." Id. (quoting Carpenter v. City of Flint, 723 F.3d 700, 705 (6th Cir. 2013) (further citation omitted)).

Defendant acknowledges that "the Sixth Circuit has determined that inability to comply with an order is insufficient to justify a sanction of dismissal." (ECF No. 45 at PageID 536.) (emphasis in original.) (citing United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002).) Defendant asserts, however, that Plaintiff has "failed to show that his failure to comply was due to inability." (Id.) Defendant further asserts that "[t]he Sixth Circuit has not determined that other sanctions would not be available, and dismissal is not the only sanction requested by SCBE." (Id.) Indeed, Defendant alternatively moves for sanctions (i) and/or (ii) and also moves for attorney fees pursuant to Rule 37(b)(2)(C). (ECF No. 29 at PageID 141–42.) "Thus," Defendant contends, "even if the Court determines that Plaintiff is *now* unable to comply with its order, this alone is not sufficient to say that no sanctions may be imposed for Plaintiff's failure to provide the recordings." (Id.)

The Court finds that dismissal is not warranted, as Plaintiff has shown that his failure to comply with the Magistrate's Order was due to inability and not to willfulness or bad faith. Defendant cites Plaintiff's inconsistent testimony regarding whether he had the recordings and his failure to inform Defendant that the recordings "had been deleted two years prior" as evidence that Plaintiff "has acted willfully and/or in bad faith." (ECF No. 36 at PageID 220.) Defendant is correct that despite conducting Google searches on how to recover deleted recordings in March 2019 (see ECF No. 31-2),[1] Plaintiff did not mention in his responses to Defendant's initial interrogatories that additional relevant recordings previously had been deleted (see ECF No. 23-

---

[1] An attachment provided with Plaintiff's response to Defendant's Motion indicates that as early as March 2019 (after he filed his EEOC charge but before obtaining his right to sue letter), Plaintiff conducted Google searches on how to recover files deleted from the Appliqato automatic call recorder that he had used to make the recordings at issue. (ECF No. 31-2; ECF No. 31-3 at PageID 205.)

1).  Defendant has also made inconsistent statements regarding when he realized the recordings were not readily in his possession.  (Compare ECF No. 31-3 at PageID 205 ("When I started gathering my evidence for the [EEOC] investigator, I discovered that the information had been recorded over.") with ECF No. 29-4 at PageID 181 ("When he started to gather the recordings at the request of Defendant, Plaintiff discovered that any relevant audio had been recorded over inadvertently."[2]).)  Furthermore, throughout this time, Plaintiff made statements that could be understood to mean he still had the recordings in his possession.  (See March 10, 2021 Deposition, ECF No. 23-2 at PageID 113–14 ("I'm recording everybody every day. . . . And what I'm waiting on is the opportunity to have these people perjure themselves."); April 29, 2021 Deposition, ECF No. 23-4 at PageID 117–18 (Counsel: "Do you still have those recordings?" Franklin: "I do.  And some of them, we are in the process – some of them got recorded over.  We are in the process of having those extracted from my phone.").)  Additionally, Plaintiff states in his amended response to Interrogatory No. 13, "At the time of Plaintiff's testimony he believed that all recordings were available []on his phone."  (ECF No. 29-4 at PageID 181.)  In an email to his counsel and in an affidavit, however, Franklin states that when asked in the April 2021 deposition if he had ever recorded the individuals at issue, he felt he could only truthfully answer "Yes" because he had recorded them, but he "was not testifying that the recordings were in [his] possession."  (ECF No. 31-1 at PageID 202; ECF No. 31-3 at PageID 205.)

The Court finds, however, that Plaintiff's inconsistent attestations do not clearly evince willfulness or bad faith; instead, they more likely reflect Plaintiff's naivete as to whether the

---

[2] Defendant asserts that "Plaintiff's statement in his interrogatory responses that the recordings were recorded over contradicts Plaintiff's argument in response to SCBE's Motion to Compel that the recordings were 'corrupted.'" (ECF No. 29 at PageID 144.) (citing ECF No. 25 at PageID 124.)  The Court, however, finds that these terms are not incompatible with one another. The word "corrupted" in colloquial usage could reasonably be applied to recordings that were recorded over or otherwise rendered inaccessible.  (See Garner Declaration, ECF No. 31-4 at PageID 209 ("Recorded over information and corrupted information, to me, are interchangeable terms when describing Plaintiff's lost data.  It is certainly not contradictory or designed to mislead the Court or Defendant.").)

11

deleted recordings could be recovered and his optimism that they could be.[3]   Tellingly, after agreeing to produce any recordings he had following his deposition testimony, Plaintiff retained WeRecoverData.com to try to recover the recordings.  (ECF No. 25-1.)  This was so even though Plaintiff had stated in his Response to the Motion to Compel that he had "learned that the relevant phone conversations were corrupted and were no longer available to Plaintiff" (ECF No. 25 at PageID 124), demonstrating that Plaintiff's statements as to whether he had the recordings likely reflected his imprecise language and lack of certainty on the matter, rather than intentional dissemblance on his part.  Plaintiff's Google searches in 2019 are not incompatible with his apparent belief in 2021 that the recordings were not irreparably lost though they were not presently accessible to him, explaining his deposition testimony and his renewed and fortified efforts to recover the recordings with the help of a third party.  Indeed, in his response to Defendant's Motion to Compel on May 25, 2021, Plaintiff stated that he "believe[d] the recordings to which he referred in his deposition c[ould] be submitted to Defendant within a week."  (ECF No. 25 at PageID 124.) Furthermore, the Court finds that Plaintiff's assertion that he was waiting for SCBE employees to "perjure themselves" is likely better understood as puffery regarding the strength of his case, rather than an admission that he was actively withholding recordings readily in his possession from opposing counsel.  Plaintiff's failure to comply with the Magistrate's Order can thus be explained by his inability to recover the recordings, making a sanction of dismissal inappropriate.

The Court also finds sanctions under Rule 37(b)(2)(A)(i) and (ii) to be unwarranted. Sanctions pursuant to Rule 37(b)(2)(A) are discretionary.  Metron Nutraceuticals, LLC v. Cook, No. 1:20-cv-01803, 2021 WL 2946157, at *2 (N.D. Ohio July 14, 2021) (citing Fed. R. Civ. P.

---

[3] (See Email from Franklin to Counsel, ECF No. 31-1 at PageID 202 ("I am disappointed that [WeRecoverData.com] were not able to recover the recording because now I have to place my faith in Mrs. Branch telling the truth.").)

37(b)(2)(A)) ("Rule 37(b)(2)(A) provides discretionary sanctions if a party fails to obey a discovery order."); <u>Chao v. Oriental Forest IV, Inc.</u>, No. 1:07-cv-618, 2009 WL 152108, at *2 (W.D. Mich. Jan. 21, 2009).  <u>See also</u> <u>Bryant v. U.S., ex rel. U.S. Postal Serv.</u>, 166 F. App'x 207, 210 (6th Cir. 2006) (reviewing an award of dismissal under Rule 37(b)(2) for an abuse of discretion).  As discussed, despite his failure to inform Defendant that the recordings had been deleted (whether he believed such deletion to be permanent or remediable) by March of 2019 and his lack of communication regarding their status, Plaintiff attempted to restore the recordings and eventually updated his responses to Defendant's discovery requests to reflect that his attempts had ultimately been unsuccessful.  The Court declines to award discretionary non-monetary sanctions under these circumstances.

Finally, the Court finds that Plaintiff's conduct does not warrant monetary sanctions under Rule 37(b)(2)(C).  Sanctions under that provision are mandatory "unless the failure [to comply with a court order] was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  <u>See also, e.g.</u>, <u>ECIMOS, LLC v. Nortek Global HVAC LLC</u>, No. 2:14-cv-02703-SHM, 2017 WL 3468563, at *9 (W.D. Tenn. Aug. 11, 2017).  Here, as discussed above, Plaintiff has demonstrated that his failure to comply with the Magistrate's Order was due to his inability to produce the recordings.  The Court thus finds that Plaintiff has advanced a substantial justification for his failure to comply, especially as Plaintiff has shown that he attempted in good faith to recover the recordings before ultimately concluding (and informing Defendant) that production of the recordings would not be possible.  <u>Cf.</u> <u>Chao v. Oriental Forest Palace, Inc.</u>, No. 1:07-cv-619, 2008 WL 4739773, at *3 (W.D. Mich. Oct. 27, 2008) ("[D]efendants have failed to advance any substantial justification for ignoring their discovery obligations for the past seven months.").  Therefore, Defendant's objection is OVERRULED.

13

The Court, however, finds problematic Plaintiff's failure to communicate clearly (or at all) with Defendant regarding the status of the recordings throughout discovery. For example, after being given ten days from May 25, 2021 to produce the recordings (Order Granting Defendant's Motion to Compel, ECF No. 26 at PageID 134–35), Plaintiff did not inform Defendant until thirteen days later, on June 7, 2021 that his recovery attempts had thus far been unsuccessful (ECF No. 29 at PageID 139). Thus, while the Court declines to award Defendant attorney fees, the Court cautions Plaintiff against such poor communication in the future; time and resources may have been saved had Plaintiff informed Defendant from the beginning that the recordings were apparently deleted as of March 2019, despite his belief that they could be retrieved.

B. *Spoliation of Evidence under Rule 37(e)(1)*

Defendant next objects that the Magistrate improperly "declined to find spoliation under Rule 37(e)(1) because, contrary to the Magistrate's finding, SCBE has shown that Plaintiff failed to take reasonable steps to preserve the recordings." (ECF No. 45 at PageID 532.) In its Motion for Sanctions, Defendant asserts that "the recordings should have been preserved long before May 2021, when Plaintiff first purportedly began taking steps to preserve and produce the recordings." (ECF No. 29 at PageID 143.) Defendant asserts that the "recordings are lost because Plaintiff failed to take efforts to preserve them." (Id.) In response, Plaintiff contends that when he "downloaded an automatic call recorder to his phone in 2018," he was "unaware of the minimal capacity of the downloaded recorder and as a result the information was lost." (ECF No. 31 at PageID 195.) He asserts that, as early as March 2019, he conducted Google searches about how to recover files deleted from the call recorder. (Id.) (citing ECF No. 31-2.)

Rule 37(e) "governs the burden of proof and available sanctions for failure to preserve electronically stored information."  Palmer v. Allen, No. 14-cv-12247, 2016 WL 5402961, *1 (E.D. Mich. Sept. 28, 2016).  It provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>> (A) presume that the lost information was unfavorable to the party;
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Four initial requirements under Rule 37(e) must be met before the court may consider (e)(1) and (e)(2): "(a) the existence of ESI of a type that should have been preserved; (b) ESI is lost; (c) the loss results from a party's failure to take reasonable steps to preserve it; and (d) it cannot be restored or replaced through additional discovery."  Konica Minolta Bus. Sols., U.S.A. Inc. v. Lowery Corp., No. 15-cv-11254, 2016 WL 4537847, at *2 (E.D. Mich. Aug. 31, 2016).  The Parties do not dispute that the recordings are ESI within the meaning of Rule 37(e).  (ECF No. 29 at PageID 143; ECF No. 31 at PageID 195–97.)  The Magistrate Judge found that Plaintiff had a duty to preserve the recordings beginning, "at the latest, on December 21, 2018," when he filed his EEOC charge.  (ECF No. 38 at PageID 245.)  Additionally, the Magistrate Judge stated that "it is undisputed that the recordings existed, that they were lost, and that they cannot be recovered."  (Id.)  Defendant does not dispute, and in fact agrees with, these findings.  (ECF No. 45 at PageID 538.)  Upon clear error review, the Court does not find clear error and adopts these aspects of the Magistrate's Report.  With elements (a), (b), and (d) of Rule 37(e) thus established, the Court

15

reviews de novo whether Plaintiff took reasonable steps to preserve the recordings <u>once under the duty to preserve them</u>.

As Defendant admits (ECF No. 45 at PageID 538), "reasonable steps" under Rule 37(e) do "not call for perfection." Fed. R. Civ. P. 37(e) Committee Notes on Rules—2015 Amendment. However, a negligent failure to preserve ESI that a party was under a duty to preserve may warrant "at least some evidentiary sanctions." <u>Gomez v. Metro. Gov't of Nashville & Davidson Cty., Tenn.</u>, No. 3:19-cv-00026, 2021 WL 3406687, at *4 (M.D. Tenn. Aug. 4, 2021). Nevertheless, "[t]he court should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts," and individual litigants in particular "may be less familiar with preservation obligations." Fed. R. Civ. P. 37(e) Committee Notes on Rules—2015 Amendment. Additionally, "the routine, good-faith operation of an electronic information system would be a relevant factor for the court to consider in evaluating whether a party failed to take reasonable steps to preserve lost information." <u>Id.</u> However, "the prospect of litigation may call for reasonable steps to preserve information by intervening in that routine operation." <u>Id.</u>

The Court finds that the relevant inquiry is whether Plaintiff's duty to preserve the recordings had attached at the time the recordings were lost. Plaintiff has given conflicting explanations as to when he discovered that the recordings were lost, as discussed above. However, given Plaintiff's Google searches in March of 2019 (ECF No. 31-2), the Court finds it likely that the recordings had already been "recorded over," "deleted," or "corrupted" by that time. It is not possible to discern from the record, however, whether the recordings had been deleted prior to December 21, 2018, the date that Plaintiff filed his EEOC charge and the duty to preserve attached. <u>Cf.</u> <u>Gomez</u>, 2021 WL 3406687, at *3 (finding a sanctionable failure to preserve where "the relevant contemporaneous emails were deleted *after* Gomez filed his first EEOC charge."). Thus, the Court

declines to find that Plaintiff failed to take reasonable steps to preserve the recordings <u>while he</u> <u>had a duty to do so</u>.  Moreover, Plaintiff attempted on multiple occasions and through multiple methods to restore the deleted recordings.  (<u>See, e.g.</u>, ECF Nos. 31-2, 25-1.)  Thus, although he did not intervene in Appliqato's operation to prevent the initial deletion of the recordings, he tried to preserve, i.e., retrieve, them after discovering they were potentially lost.  Overall, the Court agrees with Plaintiff that "[a]n unrepresented party at EEOC [such as Plaintiff], who inadvertently lost recordings and instantly takes steps to recover the data, is not the court envisioned litigant who failed to take reasonable steps to secure data in anticipation of litigation." (ECF No. 31 at PageID 196.)

Therefore, Defendant's objection is OVERRULED, and the Court adopts the Magistrate's finding that Sanctions under Rule 37(e)(1) are not appropriate in this case.

## C.  *Standard of Proof for Intentional Deprivation of Evidence under Rule 37(e)(2)*

Defendant contends that the Magistrate Judge "erred in requiring [Defendant] to meet the 'clear and convincing standard' to show that Plaintiff intentionally deprived SCBE of the recordings." (ECF No. 45 at PageID 532.)  Defendant concedes that "there is an open issue as to whether sanctions under Rule 37(e)(2) must be proven by 'clear and convincing evidence' or by 'preponderance of the evidence.'" (<u>Id.</u> at PageID 537.) (citing ECF No. 38 at PageID 241 n.1 (citing <u>Yoe v. Crescent Sock Co.</u>, No. 1:15-cv-3-SKL, 2017 WL 5479932, at *9 n. 7 (E.D. Tenn. Nov. 14, 2017)).)  Defendant asserts, however, that "the Magistrate should have applied the latter standard." (<u>Id.</u>) (citations omitted.)

Defendant contends that "[s]everal courts have allowed a party to show intent under the 'preponderance of the evidence' standard." (ECF No. 45 at PageID 537.)  Defendant's cited authorities include only one case from within this Circuit.  <u>See</u> <u>Plastech Holding Corp. v. WM</u>

Greentech Auto. Corp., 257 F. Supp. 3d 867, 873 (E.D. Mich. 2017).  That case addressed the court's inherent sanctioning power for "fraud on the court" rather than its sanctioning authority under Rule 37(e), with the court determining, "Although the Sixth Circuit has not expressly addressed th[e] particular issue [of the standard of proof for fraud on the court], it appears as though it would likely not require the higher burden of clear and convincing proof."  Id. at 872–73.  In any case, however, this Court finds that it need not determine at this time whether a party must prove Rule 37(e)(2)'s intent requirement with clear and convincing or preponderating evidence, because Defendant has not met even the latter, less-demanding standard, as discussed below. Therefore, Defendant's objection is OVERRULED as not outcome determinative.

### D.  Intentional Deprivation and Rule 37(e)(2) Sanctions

Defendant's final objection to the Report and Recommendation is that the Magistrate Judge erred when it found SCBE's evidence of intentional deprivation of evidence insufficient to warrant sanctions under Rule 37(e)(2).  (ECF No. 45 at PageID 533.)  Defendant submits that "Plaintiff's own testimony, interrogatory responses, and other statements indicate that he intentionally withheld the recordings."  (Id.)  In its Motion for Sanctions, Defendant asserts, "Plaintiff evolved from failing to produce the recordings in response to valid requests, to bragging about recording SCBE employees every day, and withholding the recordings in order to ambush these employees, to, suddenly, no longer having any of these recordings."  (ECF No. 29 at PageID 147.)  From this course of action, Defendant contends, "[i]t is rather clear that Plaintiff intended to deprive SCBE of the use of the recordings."  (Id.)  Plaintiff responds that "[i]t simply defies logic that Plaintiff would record Defendant, confess the recordings to EEOC, destroy the recordings, and then conduct a Google search on how to recover what he intentionally destroyed."  (ECF No. 31 at PageID 196.)

Instead, Plaintiff asserts, "Plaintiff's efforts to recover the lost recordings evidence a non-culpable mentality." (Id.)

As indicated above, a court may impose sanctions under Rule 37(e)(2) only if it finds "that the [spoliating] party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). "Rule 37(e)(2)'s 'intent standard is "stringent" and "does not parallel other discovery standards."'" Culhane v. Wal-Mart Supercenter, 364 F. Supp. 3d 768, 773 (E.D. Mich. 2019) (quoting Moody v. CSX Transportation, Inc., 271 F. Supp. 410, 431 (W.D.N.Y. 2017) (quoting Jenkins v. Woody, No. 3:15cv355, 2017 WL 362475, at *17 (E.D. Va. Jan. 21, 2017)) (further citation omitted)). A party seeking sanctions under Rule 37(e)(2) must show that the spoliating party had "'intent' to deprive [the moving party] of the information's use. A showing of negligence or even gross negligence will not do the trick." Applebaum v. Target Corporation, 831 F.3d 740, 745 (6th Cir. 2016) (citing Fed. R. Civ. P. 37(e), 2015 Advisory Comm. Note).

For the reasons discussed in Section III.A., *supra*, Defendant has failed to prove that Plaintiff intentionally lost the recordings and has also failed to prove that Plaintiff's other conduct during discovery was driven by an intent to deprive Defendant of the use of the recordings in the litigation. Instead, the evidence shows that Defendant inadvertently lost the recordings and then made inconsistent statements regarding whether the recordings were still in his possession, due to his lack of sophistication with the recording apparatus[4] and optimistic belief that the recordings

---

[4] Defendant contends that, as Plaintiff was SCBE's Director of Virtual Schools and Online Learning from 2011–2018, Plaintiff "clearly has some sophisticated knowledge of technological matters." (ECF No. 45 at PageID 539.) (citing ECF No. 29-1; ECF No. 18 at PageID 66.) Defendant further asserts that "Plaintiff's continued use of the audio recorder to capture his conversations with SCBE employees would have familiarized him with the recorder's features." (Id.) The Court declines to credit these arguments. Nothing about Plaintiff's position indicates that he would be specifically familiar with the operation of the Appliqato recorder, nor does continued use of an application's features with which one is already familiar indicate that one will necessarily gain familiarity with the application's other features. Furthermore, Franklin has attested that he "do[es] not have the skill set to purposely delete recordings that

were recoverable although not presently accessible to him.  While some courts have inferred intent from the "selective[] preserv[ation]" of ESI, the Court finds that the fact that all but two of Plaintiff's recordings were lost falls short of the evidence of selective preservation that would allow the Court to make such an inference.  See Culhane, 364 F. Supp. 3d at 771–75 (finding Defendant selectively preserved video footage, and thus inferring intent to deprive, where Defendant was on notice to preserve all footage, knew how to disable the system's auto-delete function to save selected footage, and could not explain why he had chosen to save particular videos but not others.)

Thus, the Court finds, in light of Plaintiff's inadvertent deletion of the recordings, his lack of sophistication and knowledge as to whether the recordings were irretrievably deleted, and his attempts to recover the recordings, SCBE has failed to prove by even a preponderance of the evidence that Plaintiff "acted with the intent to deprive [Defendant of the recordings'] use in the litigation."  Fed. R. Civ. P. 37(e)(2).  Defendant's objection is OVERRULED, and the Court adopts the Report and Recommendation's determination that sanctions pursuant to Rule 37(e)(2) should not be issued.

## IV.    CONCLUSION

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge insofar as it finds that sanctions are not warranted against Plaintiff in this instance.  Accordingly, SCBE's Motion for Sanctions is DENIED.

**IT IS SO ORDERED**, this 22nd day of November, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

would be untraceable by professionals such as Werecoverdata or anyone with basic computer skills."  (Franklin Affidavit, ECF No. 31-3 at PageID 206.)